UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OVERSEAS FRIENDS OF BJP-USA, | § § § § § § § § § § § | |
| *Plaintiff,* | | |
| v. | | Civil Action No. 3:24-CV-1570-X |
| OVERSEAS FRIENDS OF BJP, | | |
| *Defendant.* | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are two motions for summary judgment. (Docs. 39, 42). Because the parties have nearly identical names, the Court will diverge from its usual practice of using the parties' names and will use "Plaintiff" and "Defendant." Having considered the parties' briefs and the evidence presented, the Court **GRANTS** Defendant's motion for summary judgment (Doc. 39) and **DENIES** the Plaintiff's motion for summary judgment (Doc. 42). The Court **ORDERS** the parties to provide a status report in seven days updating the Court on the status of remaining claims.

**I. Factual Background**

This lawsuit seeks to answer a question similar to one Eminem once asked: "Won't the Real ~~Slim Shady~~ [Overseas Friends of BJP] please stand up?"[1] Plaintiff Overseas Friends of the BJP-USA and Defendant Overseas Friends of the BJP are

---

[1] Eminem, *The Real Slim Shady*, *on* The Marshall Mathers LP (Interscope Records 2000).

1

both organizations that relate to India's ruling political party—the Bharatiya Janata Party. Both organizations put on events promoting the Party.

The U.S. version of the story of both organizations begins not in Texas, but in New Jersey. In 1997, members formed the national umbrella organization of Overseas Friends, that the Court will refer to as "the New Jersey Organization." The New Jersey Organization operated for many years and maintained chapters across the United States, including in Texas. Subhopriyo Dasgupta, a member of Plaintiff, admits that since 2010, Overseas Friends of the BJP-USA (the same name as Plaintiff) was a chapter of the New Jersey parent organization.[2] Plaintiff does not disagree.[3] But in June of 2021 the New Jersey Organization dissolved and, as a result, so did the Texas Chapter.

Then, in September of 2021, after the New Jersey Organization dissolved, Plaintiff formed and incorporated in Texas. As for Defendant, it formed in January 2021. Both Plaintiff and Defendant have been using the mark since they were formed. The dispute here boils down to a single flyer that Plaintiff claims it published in August of 2020 and establishes it was the first to use the mark, notwithstanding that Plaintiff did not formally exist at that time and the flyer was published by the Texas Chapter of the New Jersey Organization.

---

[2] Doc. 44 at App. 1.

[3] Doc. 43 at 2.

2

## II. Legal Standards

District courts must grant summary judgment only if the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] A dispute "is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party."[5]

## III. Analysis

The fate of these motions rests in a simple question: who owns the trademark? Or in legalese: who has priority over the mark? "Rights in a trademark are determined by the date of the mark's first use in commerce. The party who first uses a mark in commerce is said to have priority over other users."[6]

Here, there is no genuine dispute as to who used the mark first. Defendant used it first. The fact that the Texas Chapter of the New Jersey Organization used the mark in August of 2020 makes no difference because as Dasgupta admitted, the Texas Chapter dissolved when the New Jersey Organization dissolved.[7] Then, months later, in September of 2021, the Texas Chapter formed its own organization.[8] So, without more, the use of the mark by the Texas Chapter does not count as Plaintiff's use. And because Defendant first used the mark around June of 2021[9] and

---

[4] Fed. R. Civ. P. 56(a).

[5] *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000) (cleaned up).

[6] *Hana Fin., Inc. v. Hana Bank*, 574 U.S. 418, 419 (2015).

[7] Doc. 44 at App. 2.

[8] Doc. 44 at App. 2.

[9] Doc. 41 at App. 79.

Plaintiff next used the mark around January 30, 2022,[10] Defendant has priority over the mark.

Additionally, there is no evidence that Plaintiff is the successor in interest to the New Jersey Organization.  While Plaintiff argues that no formal documentation memorializing such a succession exists in the record, the same is true of it.  In fact, the parties never indicate that there is some formal memorialization of a transfer of interests in the record.  Additionally, Plaintiff argues that Defendant became registered before the New Jersey Organization formally wrapped up, and so if any trademark rights flow from the New Jersey Organization, they flow to Plaintiff.  But this fact proves nothing as to the succession of interests.  Plainly, nothing about the timeline of events indicates that the Plaintiff is the true successor of the New Jersey Organization.  Lastly, the Court will address attorneys' fees at an appropriate time after any appeal or time to file an appeal has run.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion for summary judgment and **DENIES** the Plaintiff's motion for summary judgment.  The Court **ORDERS** the parties to provide a status report in seven days updating the Court on the status of remaining claims.

---

[10] Doc. 44 at App. 15.

**IT IS SO ORDERED** this 5th day of August, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

5